IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMEL BENARD BROWN, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-13-2923 |
| | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Jamel Benard Brown, an inmate currently confined in the Harris County Jail, filed a pleading challenging his conviction for unlawful possession of a firearm by a felon. Because Brown seeks reversal of his criminal conviction and release from prison his pleading was filed as habeas corpus petition under 28 U.S.C. §2254.[1] (Docket No. 1.) However, because petitioner has not exhausted his state remedies before seeking federal habeas relief, the Court must dismiss the petition.

CLAIMS

Petitioner's pleading and public records reflect that on November 5, 2012, a jury in the 208th Criminal District Court of

---

[1] It is unclear whether Brown intended his pleading as a habeas corpus petition or a civil rights complaint, however, assuming the pleading was intended as a civil rights complaint under 42 U.S.C. § 1983, Brown would be required to pay a $400 filing fee and the case would still be subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), which held that a district court must dismiss a civil rights complaint if success on the claims would necessarily imply the invalidity of the plaintiff's conviction or sentence. Id. at 486-87.

Harris County, Texas, convicted Petitioner of unlawful possession of a firearm by a felon, in cause number 1324208. (Docket No. 1.) Petitioner was sentenced to five years confinement in the Texas Department of Criminal Justice—Correctional Institutions Division.[2] Petitioner executed the present action on September 4, 2013. (Id.) On December 3, 2013, Petitioner's conviction was affirmed on direct appeal. Brown v. State, No. 14-12-01035-CR, 2013 WL 6237341 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd). Petitioner does not indicate that he has filed a petition for discretionary review or an application for a state writ of habeas corpus.

## DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. Coleman v. Thompson, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. Castille v. Peoples, 489 U.S. 346 (1989); Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999).

---

[2] http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=AlGltN4mrstuM3ekOWQcfS9X1AUoNsCmsT1L3+ZtpkuKW4xeRiIMaqTLowaxDWWj5PwCifCil5/GDLqh6EHqYFuaIAnMR992Ag0m2u0srEY= (viewed Dec. 18, 2013.)

2

Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner has not shown that he exhausted all available state remedies before seeking federal habeas relief. Because state process remains available to Petitioner, he does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242

3

F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS:

1. Petitioner's motion to proceed *in forma pauperis* (Docket Nos. 3 & 5) is GRANTED;

2. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust; and,

3. a certificate of appealability is DENIED.

The Clerk will provide a copy of this Order to the parties.

Signed at Houston, Texas, on December 26, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4